UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TIMOTHY JOSEPH FROST, ) | |
| ) | |
| Movant ) | |
| ) | |
| v. ) | Civil No. 04-197-B-S |
| ) | Criminal No.  02-38-B-S |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Timothy Joseph Frost pled guilty to armed robbery, use of a stolen firearm in a robbery, and possession of a firearm during a crime.  Before the court is Frost's 28 U.S.C. § 2255 motion alleging three grounds, one being that his attorney was ineffective because he failed to file a notice of appeal.  The United States has filed a response that offers its limited consent to granting the motion for purposes of permitting the direct appeal to be reinstated.

On August 11, 2003, this Court imposed two thirty-month concurrent sentences and an eighty-four month consecutive sentence, for a total of one hundred and fourteen months.  Frost did not file a timely appeal but he did file a motion on October 10, 2003, to extend the time for filing a notice of appeal.  The Court granted that motion[1] and the notice of appeal was filed on November 12, 2003.  On January 9, 2004, the First Circuit

---

[1] The clerk's transcription of the Court's endorsed order indicates that the motion to extend time was granted on a "finding of incurable neglect" (as opposed to excusable).  It seems that the First Circuit agreed that the neglect was incurable, absent success with a 28 U.S.C. § 2255 ineffective assistance of counsel claim.

Court of Appeals dismissed the appeal for lack of jurisdiction "without prejudice to filing a § 2255 petition alleging ineffective assistance of counsel in not filing a timely appeal."

In its response to Frost's § 2255 motion the United States represents:

> Under the unique circumstances of this case, the interests of judicial economy and efficient use of the Government's resources are better served by granting the instant motion for the limited purpose of permitting an appeal to be reinstated than they are by subjecting the parties, the court, and Attorney Harrigan to an evidentiary hearing. Accordingly, the Government consents to granting the motion for the limited purpose of reinstating the appeal.

(Gov.'s Mem. at 6.) In view of this position I recommend that the Court grant Frost's 28 U.S.C. § 2255 motion as to the ineffective assistance/failure to file a direct appeal ground.

However, also in the interest of judicial economy, I note that both of Frost's other two grounds (which he presumably would raise in his reinstated appeal) relate to his sentencing.[2] One is an Apprendi v. New Jersey, 530 U.S. 466 (2000) ground, which would now be framed as a Booker v. United States, __ U.S. __, 125 S. Ct. 738 (Jan. 12, 2005) challenge. As the reinstatement of Frost's direct appeal would put him back in the direct appeal pipeline, his sentence would then be reviewed for plain error. See United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005); but see United States v. Serrano-Beauvaix, 400 F.3d 50, 56-62 (1st Cir. 2005) (Lipez, J., joined by Torruella, J., concurring) (recognizing that the Panel was bound by Antonakopoulos, but advocating a presumption of prejudice standard for unpreserved Booker claims); United States v. Santiago-Vazquez, No. 02-2112, 2005 WL 779641, *4 (1st Cir. Apr. 7, 2005)

---

[2] With respect to the validity of Frost's guilty plea, the First Circuit has stressed that "the Booker decision, in and of itself, does not undermine the validity of the appellant's guilty pleas." See United States v. Gonzalez-Mercado, __ F.3d __, __, 2005 WL 740506, *3 (1st Cir. Apr. 1, 2005) (citing United States v. Sahlin, 399 F.3d 27, 31 (1st Cir. 2005)).

2

(unpublished, per curiam) (Carter, Sen. Dist. J., concurring) ("I believe, however, that the rationale of Antonakopoulos is more deeply flawed in its constitutional analysis than even Judge Lipez suggests in Serrano-Beauvaix."). In its review of this recommended decision, therefore, it might be worthwhile for the Court to reflect on how it would exercise its discretion vis-à-vis Frost in the post-Booker world. See cf. May v. United States, __ F. Supp. 2d __, __, 2005, WL 839101, *1 -2 (D. Me. 2005).

## *Conclusion*

The United States consenting, I recommend that the Court provide Frost 28 U.S.C. § 2255 relief by reinstating Frost's right of appeal on the grounds of ineffective assistance of counsel.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated April 15, 2005.